## RAWITZER *et al. v.* WYATT *et al.*

### CONNOR *v.* SAME.

*(Circuit Court, S. D. California.* April 14, 1890.)

PLEADING—ANSWER—LIMITED PARTNERSHIP.

Rev. St. N. Y. pt. 2, c. 4, tit. 1, § 7, upon the formation of limited partnerships, requires that an affidavit of one or more general partners shall be filed with the original certificate, stating that the sum therein specified to have been contributed by the special partner was actually and in good faith paid in cash. *Held* that, on a suit to charge a special as a general partner, an answer which, instead of an averment that such sum was paid, alleges that such affidavit was duly filed, is not demurrable, since the affidavit itself, if given in evidence, would be *prima facie* proof of such payment.

At Law. On demurrer to the answer.

*Rothchild & Ach* and *Brunson, Wilson & Lammè,* for plaintiffs.

*Dooner & Burdett,* for defendants.

ROSS, J. In this case the plaintiffs seek to charge the defendant Newhall as a general partner in the firm of C. A. Wyatt & Co., composed of the defendants Wyatt and Newhall, and heretofore existing and doing business in the state of New York. To the complaint, Newhall has answered, and among other things sets up that he was a limited partner, only, in the firm, and that prior to the commencement of this action the business of the firm was suspended, and the firm practically dissolved, by the absconding of Wyatt; that subsequently, and also prior to the bringing of this suit, defendant Newhall commenced an action against Wyatt in the supreme court of the state of New York, in which action a receiver was duly appointed by the court of all of the property and assets of the firm, which receiver qualified, and took into his possession all of its property and assets, which he still holds; that prior to the going into effect of the copartnership, and to the commencement of business by the firm, the respective partners, under and pursuant to the provisions of the statutes of the state of New York providing for the formation of such limited partnerships, executed, acknowledged, and caused to be recorded and published, the certificate required by the statute; and that at the same time each of the partners filed his affidavit, in due form, setting forth that the amount specified in said certificate as contributed by the special partner was actually paid in in lawful money of the United States.

The point of the demurrer which has been filed to this defense is that the answer should expressly allege that the contribution of the special partner was paid in, in cash, before the certificate was filed. Undoubtedly such payment must have been made before the protection afforded by the statute could attach to the special partner. But the question now is one of pleading, and the answer of the defendant Newhall seems to me to comply with the requirements of the rule as stated in Bates' Law of Limited Partnership at section 199, and in the cases

cited by him in support of the text. It was held by the court in the case of *Bank* v. *Gould*, 5 Hill, 315, that, the affidavit being a necessary part of the machinery for forming a limited partnership, it was properly given in evidence, along with the certificate and other papers, for the purpose of showing that the requirements of the statute had been complied with, and that, where the papers are regular and sufficient in form, they make out a *prima facie* case for the defendant that the partnership was a limited one, and throws the burden upon the plaintiffs of showing that something was wrong before they could charge the defendant as a general partner. If the affidavit is sufficient proof in the first instance of the fact of payment, it would seem to follow that the allegation of the making of such affidavit is sufficient; for it cannot be that it is necessary to allege a stronger case than it is necessary to prove. The demurrer is overruled. A similar order will be entered in the case of *Connor* v. *Wyatt and Newhall*, which was submitted at the same time as the present case, and in which the same point arises.